UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

THOMAS GLEASON, )
 )
Plaintiff )
 )
v. )
 )
SALLY A. GLEASON, NORTHEAST )
REHABILITATION HOSPITAL, )
HIGHMARK LIFE INSURANCE )
COMPANY, METROPOLITAN LIFE )
INSURANCE COMPANY, KEVIN )
REMBIS, FIDELITY INVESTMENTS, )
MERRIMACK VALLEY FEDERAL )
CREDIT UNION, )
 )
Defendants. )
 )

**05 10944 RGS**

AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. MP
DATE 5/6/05

**NOTICE OF REMOVAL**          MAGISTRATE JUDGE _____

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Metropolitan Life Insurance Company ("MetLife") hereby removes this action from the Essex County Probate and Family Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. As grounds therefor, MetLife states as follows.

1.  MetLife was served with the Summons and Complaint on April 6, 2005. Copies of all process, pleadings, and orders currently received by MetLife are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2.  Pursuant to 28 U.S.C. § 1446(b), this removal notice is timely.

3.  The plaintiff alleges in his complaint that he is the husband of Sally A. Gleason. He further alleges that he has not heard of or seen his wife since her disappearance on January 12, 2002. Plaintiff further alleges that his wife is now deceased, and therefore, he is entitled to

the proceeds pursuant to a dependent group life insurance policy issued by the defendant MetLife to plaintiff's employer, Lucent Technologies, Inc., under an Employee Benefit Welfare Plan that is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

4. The plaintiff alleges that his wife was the insured under the dependent group life insurance policy and that he is the beneficiary in the event of his wife's death.

5. ERISA governs, and completely preempts, all claims alleged in the complaint. 29 U.S.C. §§ 1132(a)(1)(B), 1144; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). A cause of action that is filed in state court and that is completely preempted by ERISA is removable to federal court under 28 U.S.C. § 1441. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

6. The district courts of the United States have jurisdiction over all claims under ERISA, including claims to recover benefits allegedly due under an employee benefit plan, to enforce rights under the terms of such a plan, or to clarify rights to future benefits under the terms of such a plan. 29 U.S.C. § 1132(e)(1).

7. Concurrent with the filing of this Notice of Removal, MetLife is providing notice of the removal to all adverse parties and to the clerk of the Essex County Probate and Family Court of the Commonwealth of Massachusetts, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, MetLife removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.

METROPOLITAN LIFE
INSURANCE COMPANY
By its attorneys,


/s/ Johanna Matloff
James F. Kavanaugh, Jr.
BBO# 262360
Johanna L. Matloff
BBO # 655178
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: May 6, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on May 6, 2005.
/s/ Johanna Matloff

# COMMONWEALTH OF MASSACHUSETTS
## Office of Consumer Affairs and Business Regulation
### DIVISION OF INSURANCE

One South Station • Boston, MA 02110-2208
(617) 521-7794 • FAX (617) 521-7475
Springfield Office (413) 785-5526
TTY/TDD (617) 521-7490
http://www.state.ma.us/doi



**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

**BETH LINDSTROM**
DIRECTOR, CONSUMER AFFAIRS
AND BUSINESS REGULATION

**JULIANNE M. BOWLER**
COMMISSIONER OF INSURANCE

April 6, 2005

METROPOLITAN LIFE INSURANCE COMPANY
Attn: Gary Beller, Sr. Exec. VP & General Counsel
One Madison Avenue
New York, NY 10010

Dear Mr. Beller:

Enclosed please find legal process served upon the Commissioner of Insurance as attorney for a foreign company as provided for in Massachusetts General Laws, c. 175, §154 and §151(3).

In addition, the legal department is asking that the company update our offices via fax or mail with the current location and designee to receive service on behalf of the insurance company. This service has been sent to the office we have on file now. If in fact it has changed, please notify us so that in the future any process can be completed as soon as possible.

Sincerely,

Carey A. Luckey
Administrative Assistant
Legal Division

**Commonwealth of Massachusetts**
The Trial Court
Probate and Family Court Department

__ESSEX__ Division

Docket No. 04E0003-QC1

## Summons

_____Thomas Gleason_____, Plaintiff

v.

Sally A. Gleason, Northeast Rehabilitation Hospital, Highmark Life Ins. Co., Metropolitan Life Ins. Co., Kevin Rembis, Fidelity Investments, and Merrimack Valley Federal Credit Union, Defendants

To the above named Defendant:  Metropolitan Life Ins. Co.,

You are hereby summoned and required to serve upon ____Stuart M. Holber____, plaintiff's attorney, whose address is __25 Kenoza Avenue, Haverhill, MA  01830__, and answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you. You are also required to file your answer to the complaint in the office of the Register of this Court at ____Salem____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), Mass. R. Civ. P., your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness __John C. Stevens, III__, Esquire, First Justice of said Court at ____Salem____, this __31st__ day of __March__, __2005__.

_____
Register of Probate

CJ-D 210 (1/89)

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

__ESSEX__ Division

Docket No. 04E0003-CC1

## Summons

___Thomas Gleason___, Plaintiff

v.

Sally A. Gleason, Northeast Rehabilitation Hospital, Highmark Life Ins. Co., _____, Defendants
Metropolitan Life Ins. Co., Kevin Rembis, Fidelity Investments, and Merrimack Valley Federal Credit Union

### Return Of Service

I certify under the penalties of perjury that on __April 6__, 20__05__, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant by:
_First Class mail to Metropolitan Life Insurance Company, One Madison Avenue, New York, NY 10010_

Date __4/6/2005__        Signature _____

RECEIVED
APR 0 6 2005
DIVISION OF INSURANCE
LEGAL DIVISION

Notes:

1. This summons is issued pursuant to Mass. R. Civ. P. 4.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**Commonwealth of Massachusetts**
The Trial Court
Probate and Family Court Department

__ESSEX__ Division

Docket No. 04E0003-QC1

## Summons

_____Thomas Gleason_____, Plaintiff

v.

Sally A. Gleason, Northeast Rehabilitation Hospital, Highmark Life Ins. Co., Metropolitan Life Ins. Co., Kevin Rembis, Fidelity Investments, and Merrimack Valley Federal Credit Union, Defendants

To the above named Defendant: Metropolitan Life Ins. Co.

You are hereby summoned and required to serve upon ___Stuart M. Holber___, plaintiff's attorney, whose address is ___25 Kenoza Avenue, Haverhill, MA 01830___, and answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you. You are also required to file your answer to the complaint in the office of the Register of this Court at ___Salem___ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), Mass. R. Civ. P., your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness ___John C. Stevens, III___, Esquire, First Justice of said Court at ___Salem___, this ___31st___ day of ___March___, 2005.

_____
Register of Probate

CJ-D 210 (1/89)

**Commonwealth of Massachusetts**
The Trial Court
Probate and Family Court Department

__ESSEX__ Division

Docket No. 04E0003-CCI

## Summons

_____Thomas Gleason_____, Plaintiff

v.

Sally A. Gleason, Northeast Rehabilitation Hospital, Highmark Life Ins. Co., _____, Defendant s
Metropolitan Life Ins. Co., Kevin Rembis, Fidelity Investments, and Merrimack Valley Federal Credit Union

### Return Of Service

I certify under the penalties of perjury that on _____, 20____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant by:

_____

_____

_____

_____

Date _____   Signature _____

Notes:

1. This summons is issued pursuant to Mass. R. Civ. P. 4.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE & FAMILY COURT DEPARTMENT

Essex County                                                Docket No. 04E-0003-GC1

| | |
|---|---|
| Thomas Gleason,<br>Plaintiff<br><br>v.<br><br>Sally A. Gleason, and<br>Northeast Rehabilitation Hospital, and<br>Highmark Life Insurance Company, and<br>Metropolitan Life Insurance Company, and<br>Kevin Rembis, and<br>Fidelity Investments, and<br>Merrimack Valley Federal Credit Union,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED PETITION FOR DECLARATORY JUDGEMENT

1. Thomas Gleason is a natural person residing at 483 East Broadway, Haverhill, Massachusetts.

2. Sally A. Gleason is a natural person who formerly resided at 483 East Broadway, Haverhill, Massachusetts.

3. Northeast Rehabilitation Hospital is, upon information and belief, a corporation duly organized under the laws of the State of New Hampshire with a principal place of business in Salem, Rockingham County, New Hampshire.

4. Highmark Life Insurance Company is, upon information and belief, a corporation duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business in Pittsburgh, Allegheny County, Pennsylvania.

5. Metropolitan Life Insurance Company is, upon information and belief, a corporation duly organized under the laws of the State of Delaware with a principal place of business in New York, New York County, New York.

6. Kevin Rembis is, upon information and belief, the Executor of the Estate of Athena Sturk and resides at 5 Kayla Avenue, Salem, Rockingham County, New Hampshire.

7.  Fidelity Investments is, upon information and belief, a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Boston, Middlesex County, Massachusetts.

8.  Merrimack Valley Credit Union is, upon information and belief, a federally chartered credit union with a principal place of business in North Andover, Essex County, Massachusetts.

9.  The parties were married at St. James Church in Haverhill, Massachusetts on the 12th day of August, 1977.

10. On or about January 13, 2002, the 1990 Volvo Sedan owned by Sally A. Gleason was found by the northern most Jetty in Salisbury, Massachusetts. In the car were her car keys and purse.

11. The Petitioner and his family last saw Ms. Gleason midday, the prior day (Saturday, January 12, 2002) and had not heard from her in the intervening twenty four hours.

12. Sally Gleason suffered from depression and had made at least one prior attempt on her own life.

13. Since January 12, 2002, no member of the Gleason family has heard or seen Ms. Gleason. No person has reported to the Gleason family that they have seen or heard from her.

14. Ms. Gleason may be due benefits as an employee at Northeastern Rehabilitation Hospital.

15. Ms. Gleason was the owner of a life insurance policy issued and/or administered by Highmark Life Insurance Company, and Mr. Gleason is the beneficiary of the insurance policy.

16. Mr. Gleason is the owner of a life insurance policy issued and/or administered by Metropolitan Life Insurance Company in which Ms. Gleason was the insured and Mr. Gleason is the beneficiary.

17. Ms. Gleason is the owner of at least one 401(k) issued and/or administered by Fidelity Investments in which Mr. Gleason is the beneficiary.

18. Ms. Gleason is the beneficiary of the Estate of Athena Sturk, of which Kevin Rembis is the estate administrator.

19. Ms. Gleason is the owner of an IRA, and a savings account and checking account, issued and or administered by Merrimack Valley Federal Credit Union, which on information and belief, were in her own name.

20. It is the belief of the Petitioner that Sally Gleason has deceased, having taken her own life.

WHEREFORE, the Petitioner requests the following relief:

1. That this Court declare Sally A. Gleason deceased as of January 13, 2002;

2. That the Court order the defendants to distribute the assets in its possession to Petitioner as Ms. Gleason's widower and beneficiary under the various policies and accounts

                Respectfully Submitted,
                Thomas Gleason
                By his attorney.

Dated: 3/10/05

Stuart M. Holber, Esq./BBO No.237840
Phillips, Gerstein, Holber & Channen
25 Kenoza Avenue
Haverhill, MA 01830
(978) 374-1131

I, Thomas Gleason, do hereby verify by my signature that I have read this Petition for Declaratory Relief and avert that the facts contained herein are true and accurate to the best of my knowledge and belief.

                Thomas Gleason

G:\David P\Gleason Amended Petition 030103.wpd

LAW OFFICES OF
## PHILLIPS, GERSTEIN, HOLBER & CHANNEN, LLP
25 Kenoza Avenue ■ Haverhill, MA 01830
Telephone (978) 374-1131/(800) 457-6912 ■ Fax (978) 372-3086

### FACSIMILE TRANSMISSION COVER SHEET

TO: Jennifer Barnett

RE: Gleason

DATE: April 14, 2005

RECEIVING FACSIMILE NO. 212-578-~~9549~~ 3916

NO. OF PAGES TRANSMITTED: (Including Cover Sheet) 3

-------------------------------------------------------------

FROM: David N. Peterson, Esq. ext. 131

SENDING FACSIMILE NO.: (978) 372-3086

MESSAGE:

Jennifer,
Please find following the information on Mr. Gleason's policy.

IF THERE IS A PROBLEM WITH RECEIVING THIS FACSIMILE, PLEASE CALL (978) 374-1131 AND ASK FOR:

*This telecopy is attorney-client privileged, and contains confidential information intended only for the person(s) named above. Any other distribution, copying or disclosure is strictly prohibited. If you have received this telecopy in error, PLEASE NOTIFY US IMMEDIATELY by telephone, and return the original transmission to us by mail without making a copy.*



APR 14 2005 11:03

**METLIFE INSURANCE CENTER**
P.O. Box 6158
Utica, NY 13504-6158
1-888-201-4612
TDD 1-800-984-8652

Thomas R. Gleason
483 East Broadway
Haverhill, MA 01830

RE:   Lucent Technologies Inc.
      Dependent Group Life Insurance Proceeds
S.S.#:  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

Dear Thomas R. Gleason:

We wish to extend our condolences to you for the loss of Sally A. Gleason.

To file a claim for the proceeds, you will need to provide the following items:

- A completed Claimant's Statement (enclosed)

- A <u>Certified</u> Death Certificate

Return the required documents in the enclosed self-addressed envelope. Upon receipt of these documents, your claim will be reviewed for payment.

A determination on the payment of the benefits cannot be made until all of the information necessary to review the claim has been received.

If you have any questions about the submission of your claim, please contact the MetLife Group Life Claims Office at 1-800-638-6420 Monday through Friday between 8:00 a.m. and 5:00 p.m. Eastern Time. Please allow time for processing.

Sincerely,

*Jeanette Risler*

Jeanette Risler
MetLife Insurance Center

February 27, 2002
Enclosures

DG-05 (01/02)

APR 14 2005 11:03



**MetLife**

Metropolitan Life Insurance Company
New York, New York

## Dependent Life Insurance Claim Statement

### Recordkeeper's Statement

1. Name of Employer: <u>Lucent</u>
2. Employee Name: <u>Thomas R. Gleason</u>
3. Employee Class (Check One Box) ☐ Management  ☒ Occupational/Part Time Management
4. Employee Social Security Number: <u>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</u>
5. Name of Dependent: <u>Sally A. Gleason</u>
6. Date of Dependent's Death: <u>Unknown, missing since 1/12/02</u>
7.

| Plan | Amount of Insurance | FOR CARRIER'S USE ONLY | | | |
|---|---|---|---|---|---|
| | | Experience Number | Report Number | Subdivision | Branch |
| Dependent Life | $20,000.00 | | | | |
| Dependent Accidental Loss | $25,000.00 | | | | |

<u>2/27/02</u>
(Date)

<u>Jacquine Risler</u>
(Signature of Metlife Insurance Center Representative)

ATT U-JJ-TCA DEP-LIFE (1096)

APR 14 2005 11:03