UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  05-10944-RGS

_____
                                    )
THOMAS GLEASON,                     )
                                    )
  Plaintiff                         )
                                    )
v.                                  )
                                    )
SALLY A. GLEASON, NORTHEAST         )
REHABILITATION HOSPITAL,            )
HIGHMARK LIFE INSURANCE             )
COMPANY, METROPOLITAN LIFE          )
INSURANCE COMPANY, KEVIN            )
REMBIS, FIDELITY INVESTMENTS,       )
MERRIMACK VALLEY FEDERAL            )
CREDIT UNION,                       )
                                    )
  Defendants.                       )
_____)

**ANSWER TO AMENDED PETITION FOR DECLARATORY JUDGMENT**

Defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of plaintiff's Amended Petition for Declaratory Judgment ("Amended Petition") as follows.

1.   MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Petition.

2.   MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Petition.

3.   MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Petition.

4. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Petition.

5. MetLife admits that it is a corporation with a principal place of business in the State of New York. MetLife denies the remaining allegations contained in Paragraph 5 of the Amended Petition.

6. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Petition.

7. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Petition.

8. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Petition.

9. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Petition.

10. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Petition.

11. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Petition.

12. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Petition.

13. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Petition.

14. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Petition.

15. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Petition.

16. MetLife admits that Mr. Gleason is a beneficiary of a dependent group life insurance policy issued by MetLife to Mr. Gleason's employer under an employee benefit welfare plan. MetLife further admits that Sally A. Gleason was the insured under the dependent group life insurance policy.

17. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Petition.

18. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Petition.

19. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Petition.

20. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Petition.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint seeks proceeds pursuant to an Employee Welfare Benefit Plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and plaintiff is limited to the rights and remedies afforded under ERISA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

To the extent (and without admitting that) plaintiff is entitled to recover any proceeds under the insurance policy at issue, such recovery is subject to the exclusions and limitations under the terms of the policy, including an exclusion of coverage for death caused by suicide.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent (and without admitting that) plaintiff is entitled to recover any proceeds under the insurance policy at issue, such recovery is subject to the requirements and procedures set forth in the terms of the policy.

**FIFTH AFFIRMATIVE DEFENSE**

MetLife cannot distribute the proceeds of the dependent group life insurance policy to Mr. Gleason without proof of Mrs. Gleason's death, which is lacking.

WHEREFORE, MetLife respectfully requests that the Court dismiss the Amended Petition as to MetLife, with prejudice, and award MetLife its attorneys' fees and costs.

    METROPOLITAN LIFE INSURANCE
    COMPANY, and SEARS, ROEBUCK &
    COMPANY,
    By their attorneys,

    /s/ James F. Kavanaugh, Jr.
    /s/ Johanna L. Matloff
    _____
    James F. Kavanaugh, Jr. (BBO # 262360)
    Johanna L. Matloff (BBO # 655178)
    CONN KAVANAUGH ROSENTHAL PEISCH
     & FORD, LLP
    Ten Post Office Square
    Boston, MA 02109
    617-482-8200

Dated: May 17, 2005

226563.1