UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-CV-10944RGS

| | |
|---|---|
| THOMAS GLEASON, | ) |
| | ) |
|   Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SALLY A. GLEASON, NORTHEAST REHABILITATION HOSPITAL, HIGHMARK LIFE INSURANCE COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, KEVIN REMBIS, FIDELITY INVESTMENTS, MERRIMACK VALLEY FEDERAL CREDIT UNION, | ) ) ) ) ) ) ) ) ) |
| | ) |
|   Defendants | ) |

## **ANSWER OF DEFENDANT HIGHMARK LIFE INSURANCE COMPANY**

1. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1.

2. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 2.

3. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 5.

6. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.

7. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 7.

8. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 8.

9. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 9.

10. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 10.

11. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 11.

12. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 12.

13. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15 that Ms. Gleason was the owner of a life insurance policy by Highmark but denies that Plaintiff Mr. Gleason is due any benefits.

16. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 16.

17. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 17.

18. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 18.

19. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 19.

20. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 20.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff, by acts of Plaintiff's alleged decedent Sally A. Gleason in violation of said insurance contract, is estopped to assert the Defendant now owes the Plaintiff anything.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to recover payment from Defendant as the Complaint fails to state a claim against the Defendant upon which relief may be granted and should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to recover payment from Defendant due to the Statute of Frauds, as there exists no official writing that Plaintiff's wife Sally A. Gleason is deceased.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to recover payment from the Defendant due to the breach of contract of Plaintiff's alleged Decedent.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover payment from the Defendant due to the Plaintiff's failure to bring this action within the time allowed by the Statute of Limitations.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover payment from the Defendant due to waiver of Sally A. Gleason, Plaintiff's alleged decedent.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover payment from the Defendant due to certain exclusions in said insurance policy including by not limited to suicide exclusion.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is limited to the rights and benefits afforded under the Employee Retirement Income Security Act of 1974 (ERISA).

DEFENDANT DEMANDS A JURY TRIAL ON ALL APPLICABLE COUNTS.

HIGHMARK LIFE INSURANCE COMPANY, by its Attorney,

Dated: August 4, 2005

/s Martha E. Howe
Martha E. Howe, Esquire  BBO#554854
LAW OFFICE OF RICHARD P. HOWE
201 Howe Building
11 Kearney Square
Lowell, MA  01852
978-454-9167
Fax:  978-453-4419
Email:  howelaw@verizon.net