UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10944-RGS

_____
THOMAS GLEASON,                )
                               )
  Plaintiff                    )
                               )
v.                             )
                               )
SALLY A. GLEASON, NORTHEAST    )
REHABILITATION HOSPITAL,       )
HIGHMARK LIFE INSURANCE        )
COMPANY, METROPOLITAN LIFE     )
INSURANCE COMPANY, KEVIN       )
REMBIS, FIDELITY INVESTMENTS,  )
MERRIMACK VALLEY FEDERAL       )
CREDIT UNION,                  )
                               )
  Defendants                   )
_____)

**JOINT STATEMENT**

Pursuant to the Court's July 12, 2005 Notice of Scheduling Conference, the parties submit the following joint statement.

**I.    Background**

In the present action, plaintiff Thomas Gleason ("Gleason") seeks a declaration that his wife, Sally A. Gleason, is deceased as of January 13, 2002.  He alleges that she has been missing since that date and that she took her own life.  Gleason also seeks an order directing the defendants to distribute life insurance and other proceeds pursuant to certain life insurance policies and accounts, including a dependent group life insurance policy issued by defendant Metropolitan Life Insurance Company ("MetLife") to Gleason's employer, Lucent Technologies, Inc., under an Employee Benefit Welfare Plan that is regulated by the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Gleason alleges that his wife was the insured under the dependent group life insurance policy and that he is the beneficiary in the event of his wife's death. Similarly, Gleason seeks an order directing defendant Highmark Life Insurance Company ("Highmark") to distribute life insurance proceeds pursuant to a life insurance policy owned by his wife and issued and/or administered by defendant Highmark Life Insurance Company ("Highmark") under which Gleason is the beneficiary.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Mrs. Gleason is dead, and if she is dead, the cause of her death. Defendants MetLife and Highmark oppose Gleason's request for an order directing them to distribute proceeds pursuant to their respective life insurance policies because Gleason has not complied with and/or exhausted the requirements and procedures set forth in those policies for submitting a claim.

## II.    Joint Discovery Plan and Motion Schedule

Gleason intends to move, pursuant to Fed. R. Civ. P. 41(a)(2), to voluntarily dismiss all claims against all defendants in this action without prejudice on the ground that he recently discovered new evidence suggesting that Mrs. Gleason may not have committed suicide. Of the defendants that have appeared in the case, only one defendant presently assents to the motion for voluntary dismissal. Because the disposition of Gleason's anticipated motion for voluntary dismissal could render the following discovery plan moot, the parties propose the following schedule.

Gleason shall file and serve his Motion for Voluntary Dismissal on or before November 14, 2005. Defendants shall file any oppositions to Gleason's Motion for Voluntary Dismissal

within fourteen days of his filing the motion or by November 28, 2005, whichever is sooner.  In the event that Gleason's Motion for Voluntary Dismissal is allowed, the action shall be dismissed without prejudice.  In the event that Gleason's Motion for Voluntary Dismissal is denied, the parties agree to the following discovery and motion schedule.

It is the parties position that this case is in part in the nature of "an action for review on an administrative record," which is exempt from initial disclosure requirements.  *See* Fed. R. Civ. P. 26(a)(1)(E)(i).  The parties agree to conform to the obligation to limit discovery pursuant to Fed. R. Civ. P. 26(b) and further agree that there are at least two material facts that warrant discovery in this case:  (1) whether Ms. Gleason is in fact deceased; and (2) if she is deceased, the cause of her death.  The cause of Mrs. Gleason's death is relevant in part because coverage under MetLife's and Highmark's life insurance policies may be totally or partially excluded if Mrs. Gleason died by suicide.

Defendants will provide copies of their respective claim files within fourteen days of the Court's denial of Gleason's Motion to Dismiss, or by December 16, 2005, whichever is later.  Gleason will identify fact witnesses and produce documents in support of his claims by January 13, 2006.  All amendments to pleadings shall be filed on or before February 17, 2006.  All discovery, including written discovery, depositions, and discovery motions shall be filed and/or completed by May 30, 2006.  Gleason will make his expert disclosures, if any, by June 15, 2006.  Defendants shall make their expert disclosures, if any, by July 14, 2006.  All Motions for Summary Judgment will be filed on or before September 1, 2006, with oppositions to be filed twenty-one (21) days thereafter.

**III.   Certifications**

The required certifications are attached or will be filed under separate cover.

3

| | |
|---|---|
| THOMAS GLEASON,<br>By his attorney,<br><br>/s/ Stuart M. Holber (JLM)<br>_____<br>Stuart M. Holber (BBO# 237840)<br>Phillips, Gerstein, Holber & Channen<br>25 Kenoza Avenue<br>Haverhill, MA 01830<br>(978) 374-1131 | METROPOLITAN LIFE INSURANCE COMPANY,<br>By its attorneys,<br><br>/s/ Johanna L. Matloff<br><br>_____<br>James F. Kavanaugh, Jr. (BBO# 262360)<br>Johanna L. Matloff (BBO # 655178)<br>CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP<br>Ten Post Office Square<br>Boston, MA  02109<br>(617) 482-8200 |
| | HIGHMARK LIFE INSURANCE COMPANY,<br>By its attorney,<br><br>/s/ Martha E. Howe (JLM)<br>_____<br>Martha E. Howe (BBO# 554854)<br>LAW OFFICE OF RICHARD P. HOWE<br>201 Howe Building<br>11 Kearney Square<br>Lowell, MA 01852<br>(978) 453-4419 |
| | FIDELITY INVESTMENTS, INC.,<br>By its attorneys,<br><br>/s/ John T. McCarthy (JLM)<br>_____<br>John T. McCarthy (BBO# 641406)<br>Sanzone & McCarthy, LLP<br>888 Worcester Street, Suite 110<br>Wellesley, MA 02482<br>781-239-9989 |

Dated:  November 2, 2005

239633.1

4