UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10944-RGS

THOMAS GLEASON )

vs. )

SALLY A. GLEASON, ET AL. )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(21**

Introduction

Thomas Gleason, ("Plaintiff') submits this Memorandum of Law in Support of his Motion To Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2), which requests dismissal of all claims against all defendants. Plaintiff relies upon the Pleadings to provide the factual basis for this memorandum. Plaintiffs motion should be allowed because, as described in more detail below, dismissal without prejudice is the only equitable disposition of the case given the sufficient explanation of the need for the dismissal, the defendant's have put little time and expense into litigation thus far, the dismissal is not required due to a lack of diligence on the part of Plaintiff, and no additional motions have been filed by the defendants.

Statement of the Case

Plaintiff married Sally A. Gleason in 1977. Sally Gleason disappeared on January 12, 2005. That morning, her husband left for work at approximately 9:00 a.m. while Ms. Gleason was still

asleep. Their daughter, Kara Gleason awoke around 10:00 am and reports that her mother was still in bed at that time. Kara Gleason left the house in the afternoon to do some errands, and when she arrived back later that afternoon her mother was gone. Plaintiff arrived home after work at approximately 5:00 p.m. and his wife was still not home. When Ms. Gleason did not return, Plaintiff became concerned and started to search for his wife.

Eventually, Plaintiff checked the Salisbury State Reservation, which was a location that he and his wife frequently visited. The Volvo sedan owned by Ms. Gleason was found at the northernmost jetty in Salisbury, Massachusetts. Ms. Gleason's purse and keys were located in her car. It has been the belief of Plaintiff and his daughter, Kara, that Ms. Gleason committed suicide.

Ms. Gleason made at least one suicide attempt in the past. Ms. Gleason suffered from a long history of depression. She was under the treatment of several psychologists and received medication for her condition. Her psychologists opine that she likely committed suicide. No one in the Gleason family has seen or had any contact with Sally Gleason since January 12, 2005. Ms. Gleason had a very close relationship with her daughter, and it is unlikely that she would have abandoned her family.

Ms. Gleason may be entitled to benefits as a result of her employment at the Northeastern Rehabilitation Hospital. Ms. Gleason was the owner of a life insurance policy issued and/or administered by Highmark Life Insurance Company, of which Plaintiff is the beneficiary. Ms Gleason was also the owner of a life insurance policy issued and/or administered by Metropolitan Life Insurance Company, of which Plaintiff is the beneficiary. Ms. Gleason was the owner of a 401K issued and/or administered by Fidelity Investments, of which Plaintiff is the beneficiary. Additionally, Ms. Gleason was a beneficiary of the estate of Athena Sturk, of which Kevin Rembis

was the estate administrator.  Ms. Gleason was also the owner of an IRA, a savings account, and a checking account issued and/or administered by the Merrimack Valley Federal Credit Union, and the accounts were in her own name.

Plaintiff filed a Petition for Declaratory Judgment in Essex County Probate Court in January 5, 2004, seeking a declaration that Sally Gleason is deceased and ordering the Defendants to distribute the assets in their possession to Plaintiff as Ms. Gleason's widower. Defendants removed the case to Federal Court. Plaintiff has recently received new informative which was previously unavailable, that suggests two alternative potential explanations to suicide for Ms. Gleason's disappearance, although suicide remains the most likely possibility.

## Le-aal Analysis

The purpose of Rule 41(a)(2) is "to permit the plaintiff, with approval of the court, to voluntarily dismiss an action as long as no other party will be prejudiced." Doe v. Urohealth Systems, Inc., 216 F.3d 1257 (1st Cir. 2000). A plaintiff's motion for dismissal pursuant to Fed. R. Civ. P. 41(a)(2) *"should* be allowed unless the court finds that the defendant will suffer plain legal prejudice." U.S. v. All Funds, Monies, Securities, Mutual Fund Shares and Stocks Held In Fidelity Investments, et al., 81 F.3d 147 (1st Cir. 1996) (emphasis added).  When considering whether to grant a dismissal pursuant to Rule 41 (a)(2), courts typically consider the following: whether the defendant has exerted significant efforts or incurred significant expenses; lack of diligence or excessive delay on the part of the plaintiff; the sufficiency of the explanation for the need to take a dismissal; and whether the defendant has filed a motion for summary judgment.

Doe v. Urohealth Systems, Inc., 216 F.3d 1257 (1st Cir. 2000), "tin Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969). Courts are not required to analyze each of these factors, and this list of factors is not exhaustive. Doe, 216 F.3d 157. "Neither the possibility of a second law suit nor a technical advantage to the plaintiff should bar the dismissal." Puerto Rico Maritime Shipping v. Leith, 668 F.2d 46, 50 (1st Cir. 1981).

    Plaintiff's motion to dismiss should be allowed because dismissal at this early stage in the litigation will not cause "plain legal prejudice" to any of the defendants. See supra U.S. v. All Funds, Monies, Securities, Mutual Fund Shares and Stocks Held In Fidelity Investments, et al., 81 F. 3d 147 (1st Cir. 1996) Dismissal without prejudice will leave Defendants in no worse a position than had the case never been filed. In the case at hand, none of the Defendant have exerted significant efforts or incurred significant expenses. Rather, Defendants have merely filed answers denying all of Plaintiff's allegations and asserting boilerplate affirmative defenses. The appearance of this new evidence was not the result of any lack of diligence or excessive delay on the part of Plaintiff; the new evidence was not available or did not exist at the time Plaintiff filed his Petition. The appearance of two alternative potential explanations for his wife's disappearance sufficiently explains why Plaintiff does not wish to proceed with litigation at this time. None of the Defendants have filed a motion for summary judgment. Plaintiff should not be required to proceed with litigation that may put an end to any future rights he may have due to the unexpected and unanticipated appearance of new evidence. The fact that Plaintiff may initiate litigation again later should not bar dismissal. Puerto Rico Maritime Shipping v. Leith, 668 F.2d 46, 50 (1st Cir. 1981). Plaintiff has agreed that he will notify all defendants if he should elect in the future to bring a new action.

Conclusion

For the foregoing reasons, and upon authorities cited, this Court should grant Plaintiff's Motion for Dismissal.

                                            Respectfully submitted,
                                            Thomas R. Gleason,
                                            By his attorney,

                                            _____
                                            Stuart M. Holber
                                            Phillips, Gerstein, Holber & Channen, LLP
                                            25 Kenoza Ave.
                                            Haverhill, MA 01830
                                            (978) 374-1131

Dated: November 3S , 2005.

G:\Anna\Domestic\Gleason\MemoMotionDismiss.wpd