UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10944-RGS

| | |
|---|---|
| THOMAS GLEASON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SALLY A. GLEASON, NORTHEAST REHABILITATION HOSPITAL, HIGHMARK LIFE INSURANCE COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, KEVIN REMBIS, FIDELITY INVESTMENTS, MERRIMACK VALLEY FEDERAL CREDIT UNION, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants | ) |

**DEFENDANT HIGHMARK LIFE INSURANCE COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

**I.    Statement of the Case and Facts:**

Plaintiff's decedent Sally Gleason disappeared almost 4 years ago on Saturday, January 12, 2002. Plaintiff filed with the Probate and Family Court, Essex County, a Petition for Declaratory Judgment on March 10, 2005. This Petition requested that the Probate Court issue an Order declaring Ms. Gleason deceased and demanding Defendants distribute the respective assets to the Plaintiff. The Plaintiff further pleaded that Ms. Gleason suffered from depression and upon information and belief had committed suicide.

Subsequent thereto, the Defendant Metropolitan removed said action to the Federal Court on or about May 6, 2005. Defendant Highmark appeared and filed its answer in the Federal Court on August 4, 2005 asserting many Affirmative Defenses including a suicide exclusion in

1

the policy. Defendant Highmark subsequent thereto provided Plaintiff with a copy of the insurance policy confirming a suicide exclusion.

## II.     Argument

There are several separate and distinct factors that this court may consider when assessing a Motion to Dismiss without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). These factors include the Plaintiff's diligence, the sufficiency of the Plaintiff's reasons for dismissal, the effort and expense incurred by the Defendant to date, and the extent to which the litigation has progressed. Doe v. Urohealth Systems, Inc. 216 F.3d 157, 160 (1st Cir. 2000); American Science and Engineering, Inc. v. Kelly, Memorandum & Order Civ.A. 99-10365-GAO (March 16, 2000). It is not necessary that the Court analyze all factors in order to deny a Motion to Dismiss. Ohlander v. Larson, 114 F. 3d 1531, 1537 (10th Cir. 1997).

The factor that Defendant Highmark requests that this Honorable Court focus on is the sufficiency of Plaintiff's reasons for dismissal. Ms. Gleason has been missing for almost four years. The Plaintiff's Complaint, alleging that Ms. Gleason in all likelihood committed suicide, was filed over eight months ago in March of 2005. It was not until after Defendant Highmark raised the issue of suicide exclusion that the Plaintiff claimed there was "newly discovered evidence" that may lead to a question as to whether Ms. Gleason committed suicide or not. Plaintiff does not specify in his Motion what the newly discovered is, nor does Plaintiff provide any documentary confirmation.

Given this lack of proof of newly discovered evidence, together with the fact that Plaintiff admits there is still a strong likelihood that Ms. Gleason committed suicide, the Plaintiff's stated reason for dismissal is insufficient. The language in Defendant Highmark's policy is clear relative to the suicide exclusion and it is apparent that the Plaintiff would in all

likely lose on the merits with a Summary Judgment Motion.  This Court should deny voluntary dismissal "when a Plaintiff seeks to circumvent an expected adverse result."  Radiant Tech. Corp. v. Electrovert USA Corp., 122 F.R.D. 201, 203-204 (N.D.Tex.1988)

### III.     Conclusion

Based on the foregoing reasons, Defendant Highmark respectfully requests that this Honorable Court deny the Plaintiff's Motion.  In the alternative, Defendant Highmark has no objection to this case being remanded to the Probate Court for said Court to determine the issues outlined in the Plaintiff's initial Declaratory Judgment.

Respectfully submitted, Defendant Highmark Life Insurance Company, by its Attorney,

Dated:  November 14, 2005

_____
Martha E. Howe, Esquire – BBO #554854
LAW OFFICE OF RICHARD P. HOWE
201 Howe Building
11 Kearney Square
Lowell, MA  01852
(978) 454-9167

### CERTIFICATE OF SERVICE

I, Martha E. Howe, hereby certify that on this 14th day of November, 2005, I caused the foregoing documents to be served upon the other party or parties in this action by mailing a copy of same, postage prepaid, first class mail, to counsel of record:

Johanna L. Matloff, Esquire
Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
Ten Post Office Square
Boston, MA  02109

John T. McCarthy, Esquire
Sanzone & McCarthy
888 Worcester Street, Suite 110
Wellesley, MA  02482

Stuart M. Holber, Esquire
Phillips, Gerstein, Holber & Channen, LLP
25 Kenoza Avenue
Haverhill, MA  01830

                                                                                                                                                                                                                    _____
                                                                                                                                                                                                                    Martha E. Howe, Esquire